LEMMON, Judge
(dissenting).
As to Appel’s negligence in stretching an electric wire across the sidewalk, it appears almost too obvious to warrant discussion.
The key issue is whether or not State Farm has borne the burden of proving that Mrs. Masters was negligent. In my opinion Mrs. Masters had no duty to be on the lookout for a dangerous but camouflaged hazard placed by Appel on his sidewalk.
In walking on a neighbor’s sidewalk, a person has the right to assume that no wires have been stretched across her path. Furthermore, such a person is not obliged on each and every step that she makes to watch for obstacles on the sidewalk, which is an area designed for walking and not for stringing wires.
I believe that it is unreasonable to allow Appel to create a hazardous situation and to avoid liability because an innocent party was not specifically looking for that dangerous condition while walking on his sidewalk.
The majority relies on the fact that Mrs. Masters had traversed this same sidewalk when entering Appel’s home. However, she testified that she had not seen the wire when she entered, although she admitted that it must have been there. It is undisputed that the wire was nearly the same color as the sidewalk, and it is reasonable that she did not see the wire either when she entered or when she left (and in my opinion she had no duty to see it). Just because she tripped on a barely visible hazard on the way out instead of on the way in is no reason, in my opinion, to relieve Appel of the consequences of his grossly negligent act.